## GEORGE ELLIS v. THE STATE.

### No. 3792.   Decided November 3, 1915.

**1.—Theft—Sufficiency· of the Evidence.**

Where, upon trial of misdemeanor theft, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Newly Discovered Evidence.**

Where, upon motion for new trial on the ground of newly discovered evidence, the defendant did not bring himself within the rule authorizing a new trial upon that ground, there was no error in overruling his motion.

Appeal from the County Court of Wood.  Tried below before the Hon. R. E. Bozeman.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50 and two days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of misdemeanor theft and his punishment assessed at a fine of $50 and two days in jail.  There is no bill of exceptions in the record.

Appellant contends that the evidence is insufficient to sustain the conviction.  We have carefully read it, and, in our opinion, it is not only sufficient but clearly shows appellant's guilt.

No other question is raised in such way that it can be considered unless it be his contention that claimed newly discovered evidence would require a new trial.  The State contested his motion on all the grounds raised, and especially on this ground.  His claim on this ground is based on the ·purported affidavit of G. Q. Willis, which is attached to his motion, to the effect that he, Willis, heard Almer Byars tell George Ellis that he, Almer Byars, heard Allen Rhodes say that he, Allen Rhodes, saw Henry Adams with the said, or alleged, stolen flour and that he had nothing to do with the alleged theft of same. Appellant in his motion said that Almer Byars, while they were both confined in the county jail at Quitman, told him that he heard Allen Rhodes say that Allen Rhodes saw Henry Adams with the alleged stolen sack of flour and that defendant had nothing to do with the theft of the same; that he knew of this claimed witness before and at the time of his trial, but that he and his friends had forgotten the name of ·the witness who used said language; and that, if he had not forgotten the name of the witness he would have had him testify at the trial.  He claimed he could not get the affidavit of the witness to accompany his motion.  As stated, the State by the county attorney vigorously contested appellant's motion, and among other things attached the sheriff's affidavit to his contest, wherein the sheriff swore that he

had the said witness Almer Byars confined in the Wood County jail on a charge of theft at the time the motion for a new trial herein was overruled and that he was later that morning carried to the poor farm, four miles from town to serve his sentence on said charge; that appellant's attorney had access to said Byars and that he could have had him present on the hearing of his motion but did not ask for his presence; that the said G. Q. Willis was also in the jail at said time on a complaint out of the State of Oklahoma charging him with theft and that Willis had been trying to get a lawyer to sue out a writ of habeas corpus and talked to appellant's attorneys before he made said affidavit in this case.

Under all the authorities, the court clearly was justified in overruling his motion for a new trial. Sec. 1149, White's Ann. C. C. P., and the cases there cited.

The judgment is affirmed.                                    *Affirmed.*